UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

IVOCLAR VIVADENT AG,

                Plaintiff,

     v.                                    Civil No. _____

B & D DENTAL CORP.,

                Defendant.

_____

## **COMPLAINT**

Ivoclar Vivadent AG ("Ivoclar"), for its Complaint against B & D Dental Corp. ("B & D Dental"), alleges as follows:

### **The Parties**

1. Ivoclar is a Liechtenstein company with a principal place of business at Bendererstrasse 2, 9494 Schaan, Liechtenstein. It is a leading developer and supplier of dental products around the world. Ivoclar's subsidiary, Ivoclar Vivadent, Inc., has a principal place of business at 175 Pineview Drive, Amherst, NY 14228, which is within this judicial district.

2. B & D Dental is a Utah corporation with a principal place of business at 2371 S. Presidents Drive, Suite E, West Valley City, Utah 84120. B & D Dental manufactures and sells dental products for distribution throughout the United States, including New York.

**Jurisdiction and Venue**

3. This is a patent infringement action brought under the patent laws of the United States, 35 U.S.C. Section 101, *et seq.*, including 35 U.S.C. Section 271.

4. Ivoclar seeks damages for patent infringement and an injunction preventing B & D Dental from making, using, selling, or offering to sell, and from inducing others to make, use, sell, or offer to sell, Ivoclar's patented technology without Ivoclar's permission.

5. This Court has subject matter jurisdiction under 28 U.S.C. Sections 1331 and 1338(a).

6. This Court has personal jurisdiction over B & D Dental because B & D Dental regularly does and solicits business in New York and in this judicial district. B & D Dental has sold and/or offered to sell products that infringe the asserted patent, as alleged below, in New York and in this judicial district. B & D Dental also manages and controls a website that markets the infringing products for sale to customers, including those residing in New York and in this judicial district.

7. Venue in this district is proper under 28 U.S.C. Sections 1400 and 1391 because D& D Dental is subject to personal jurisdiction in this district. B & D Dental has committed acts of infringement in this district.

**First Claim for Patent Infringement**
**(Infringement of the '759 Patent)**

8. Ivoclar repeats and realleges the allegations set forth in paragraphs 1 through 7.

9. U.S. Patent No. 7,604,759, entitled "Process for Producing Dental Prostheses" (the "'759 Patent"), issued on October 20, 2009. A copy of the '759 Patent is attached as **Exhibit 1**.

10. Ivoclar is the owner by assignment of all right, title, and interest in the '759 Patent.

11. B & D Dental has infringed and continues to infringe the '759 Patent by making, using, selling, and/or offering for sale, in this district and elsewhere, disks or blanks for producing dental prostheses, including but not limited to, B & D Dental's "Origin Live" product line.

12. Ivoclar informed B & D Dental that B & D Dental's products and processes infringe the '759 Patent. With knowledge of the '759 Patent, and after receiving Ivoclar's admonitions regarding infringement, B & D Dental continued to infringe the '759 Patent.

13. B & D Dental's actions in infringing the '759 Patent have been, and continue to be, willful, deliberate, and/or in conscious disregard of the rights of Ivoclar, making this an exceptional case within the meaning of 35 U.S.C. Section 285.

14. As a result of B & D Dental's infringing activities, Ivoclar has

sustained damages in an amount to be proven at trial.

15.   B & D Dental will continue its infringing activities unless and until it is restrained and enjoined by this Court.

16.   B & D Dental's infringing activities have caused, and will continue to cause, Ivoclar irreparable harm for which there is no adequate remedy at law.

### Jury Demand

17.   Ivoclar demands trial by jury on all matters triable by jury.

**WHEREFORE**, Ivoclar is entitled to judgment for the following relief:

(1)   declaring that B & D Dental has infringed one or more claims of the '759 Patent;

(2)   granting an injunction, under 35 U.S.C. Section 283, preliminarily and permanently enjoining B & D Dental, its officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from making, using, selling, and/or offering for sale any systems or products that infringe one or more claims of the '759 Patent, or otherwise directly or indirectly committing further acts of infringement of that Patent;

(3)   ordering an accounting for damages arising from B & D Dental's acts of infringement;

(4)   awarding damages, including treble damages, under 35 U.S.C. Sections 284 and 285, with interest;

    (5) finding that B & D Dental's infringement is willful, that this is an exceptional case, and awarding reasonable attorneys' fees to Ivoclar under 35 U.S.C. Section 285; and

    (6) awarding such further relief as this Court deems proper.

Dated: May 20, 2014

        **HODGSON RUSS LLP**
        *Attorneys for Ivoclar Vivadent AG*

        By: s/Robert J. Fluskey, Jr.
          Robert J. Fluskey, Jr.
          rfluskey@hodgsonruss.com
        The Guaranty Building
        140 Pearl Street, Suite 100
        Buffalo, New York  14202
        Telephone:  (716) 856-4000